UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:17-cv-30-Orl-37-TBS

FORE GOLF ASSOCIATES MANAGEMENT,
LLC and THE MAJORS GOLF CLUB LLC dba
THE MAJORS GOLF CLUB,

       Plaintiffs,

v.

LEXINGTON INSURANCE COMPANY,

       Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, LEXINGTON INSURANCE COMPANY ("Lexington"), pursuant to 28 U.S.C. §1441(a), removes that certain cause of action now pending in the Circuit Court of the Eighteenth Judicial Circuit of Florida, in and for County, Florida, styled *FORE GOLF ASSOCIATES MANAGEMENT, LLC and THE MAJORS GOLF CLUB dba THE MAJORS GOLF CLUB v. LEXINGTON INSURANCE COMPANY*, Case No. 16-47341-CA ("State Court Action"), wherein Plaintiffs demands judgment against LEXINGTON, stating as follows:

      1.     On December 12, 2016, LEXINGTON received from the Florida Department of Financial Services the Summons and Complaint filed by Plaintiffs arising from a first-party property insurance claim. Plaintiffs filed this State Court Action in the Circuit Court of the Eighteenth Judicial Circuit of Florida, in and for Brevard County, Florida. Therefore, venue in this Court is proper because Plaintiffs' State Court Action is pending in that court which is within the Orlando Division of the United States District Court for the Middle District of Florida. A copy of Plaintiffs' Complaint and attached exhibits, which are the first and only papers served

on Lexington, are included within **Composite Exhibit 1** attached hereto ("State Court Papers"), consisting of copies of all pleadings and papers served on Lexington in the State Court Action, as required by 28 U.S.C. § 1446(a).

2.      Jurisdiction is proper in this Court.  This case is removable, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY EXISTS

1.      At the time the State Court Action was filed and at the present time, FORE GOLF ASSOCIATES MANAGEMENT, LLC, the first Plaintiff and the named insured, is and has been a citizen of the State of Virginia and has its principal place of business located in Manassas, Virginia.  FORE GOLF ASSOCIATES MANAGEMENT, LLC is not a citizen of Delaware or Massachusetts.

2.      At the time the State Action was filed and at the present time, Michael L. Miraglia, one of the two members of FORE GOLF ASSOCIATES MANAGEMENT, LLC, is and has been a resident of the State of Florida, and is not a citizen of Delaware or Massachusetts.

3.       At the time the State Action was filed and at the present time, Charles K. Staples, the other member of FORE GOLF ASSOCIATES MANAGEMENT, LLC, is and has been a resident of the State of Virginia, and is not a citizen of Delaware or Massachusetts.

4.      At the time the State Court Action was filed and at the present time, THE MAJORS GOLF CLUB, LLC, the second Plaintiff, is and has been a citizen of the State of Virginia and has its principal place of business located in Manassas, Virginia.  THE MAJORS GOLF CLUB, LLC is not a citizen of Delaware or Massachusetts.

5.      At the time the State Action was filed and at the present time, Charles K. Staples, the member of THE MAJORS GOLF CLUB, LLC, is and has been a resident of the State of Virginia, and is not a citizen of Delaware or Massachusetts.

6.      Lexington is not a citizen of Florida or Virginia.  It is not incorporated in Florida or Virginia and does not have its principal place of business in Florida or Virginia.  At the time the State Court Action was filed and at the present time, Lexington has been incorporated in Delaware and has had its principal place of business located in Boston, Massachusetts.  *See* Declaration of Eugene P. Murphy, Esq. in Support of Notice of Removal ("Declaration") ¶ 4, attached hereto as **Exhibit 2**.

<u>**AMOUNT IN CONTROVERSY EXCEEDS $75,000**</u>

7.      The amount in controversy is not evident from the face of Plaintiffs' Complaint; thus, "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).  The Court should "review the propriety of removal on the basis of the removing documents," and "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Id.* at 1211 (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, (11th Cir. 2001).

8.      When determining the amount in controversy, courts of this Circuit follow the "Plaintiff's-viewpoint rule" wherein courts "are to measure the value of the object of the litigation solely from the Plaintiff's perspective." *Ericsson GE Mobile Communs. v. Motorola Communs. & Elecs.*, 120 F.3d 216, 218-19 (11th Cir. 1997).  As proof of the jurisdictional amount, a removing defendant may submit its own evidence in the form of affidavits and other

documentary evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010); *see also See Fernandez v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 8086,*2 (E.D. La. 2008) (accepting "damage assessments or repair estimates for the property" as "affirmative proof in regards to the amount in controversy").

9.      Plaintiffs allege that Lexington breached a policy of insurance by refusing to compensate Plaintiffs for the loss to their property including, but not limited to, the following: (a) replacement of 20 golf holes; (b) compensation for the loss of value of the property; (c) compensation for the loss in business income and extra expense; and (d) damages including court costs, attorney's fees under §626.428, Florida Statues, and prejudgment interest.

10.      On December 9, 2016, Plaintiff FORE GOLF ASSOCIATES MANAGEMENT, LLC, through its counsel, filed Civil Remedy Notice of Insurer Violations (filing number 329039) ("First CRN") with the Department of Financial Services claiming that "[t]he Insured received a Proposal from Classic Gold Construction, LLC to replace the golf holes in the amount of $342,568.40." The First CRN also claimed that "[t]he Insured also retained a forensic accountant to determine the amount of loss business income covered under the policy due to vandalism, which was determined to be $208,320.00." *See* Declaration ¶ 5.

11.      On December 9, 2016, Plaintiff THE MAJORS GOLF CLUB, LLC dba THE MAJORS GOLF CLUB, through its counsel, filed Civil Remedy Notice of Insurer Violations (filing number 329037) ("Second CRN") with the Department of Financial Services claiming that "[t]he Insured received a Proposal from Classic Gold Construction, LLC to replace the golf holes in the amount of $342,568.40." The Second CRN also claimed that "[t]he Insured also retained a forensic accountant to determine the amount of loss business income covered under the policy due to vandalism, which was determined to be $208,320.00." *See* Declaration ¶ 6.

12.     Lexington has denied the claim based upon the subject Policy's express terms, conditions, limitations, and exclusions.  *See* Declaration ¶ 7.

13.     In breach of contract actions, the amount in controversy may be determined by the amount due under the contract under the Plaintiffs' theory of breach.  *E.g.*, *Miami Beach Yacht Corp. v. Ferro Corp.*, 461 F.2d 770, 771-72 (5th Cir. 1972).  Here, Plaintiffs' theory of breach is that it is owed insurance proceeds that Lexington declined to pay.  As Lexington has demonstrated, the amount of insurance proceeds claimed by Plaintiffs, approximately $550,888.40, far exceeds the jurisdictional threshold of $75,000.

14.     Plaintiffs' Complaint includes a claim for attorney's fees under Fla. Stat. § 627.428.  "[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees."  *Cohen*, 204 F.3d at 1079.  This includes attorney's fees sought pursuant to Fla. Stat. § 627.428.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

15.     As set forth above, Lexington has demonstrated that the amount in controversy exceeds $75,000, exclusive of interest, fees, and costs.  Absent proof to the contrary, Lexington has met its burden to establish jurisdiction.  *See Alshakambeth v. Food Lion, Inc.*, 2007 U.S. Dist. LEXIS 20746, *6-7 (M.D. Fla. 2007).

### **ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

16.     Copies of all process, pleadings, and orders served on Lexington, and such other papers that are exhibits as required by 28 U.S.C. § 1446(a) are filed herein.  *See* State Court Papers attached hereto as **Composite Exhibit 1**.

17.     Pursuant to 28 U.S.C. § 1446(b), this Notice is filed this 10th day of January, 2017, within 30 days of December 12, 2016, the date Lexington received by electronic

forwarding from statutory agent Florida Department of Financial Services the summons and Complaint filed by Plaintiffs. *See Clena Invests., Inc. v. XL Specialty Ins. Co.*, 2011 U.S. Dist. LEXIS 44163 (S.D. Fla. Apr. 18, 2011) (commencing the 30-day period for removal from the date the statutory agents sends the summons and complaint by electronic forwarding, which is received by the defendant on the same day); *see also Sands Point Ocean Beach Resort & Condo. Assoc., Inc. v. QBE Ins. Corp.*, 2007 U.S. Dist. LEXIS 48173 (S.D. Fla. June 22, 2007) (commencing the 30-day period for removal from the date the defendant insurer receives the summons and complaint from the statutory agent).

18.     Pursuant to 28 U.S.C. § 1446(d), Lexington has provided written notice of the filing of this Notice of Removal to all adverse parties, and has filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit of Florida, in and for Brevard County, Florida. *See* Declaration ¶ 8.

WHEREFORE, LEXINGTON INSURANCE COMPANY, prays that this Court exercise jurisdiction over this matter.

Dated:  January 6, 2017             Respectfully submitted,

                                     ROBINSON & COLE LLP

                                     */s/ Eugene P. Murphy*
                                     Eugene P. Murphy
                                     Florida Bar No. 638501
                                     emurphy@rc.com
                                     Laura Farach
                                     Florida Bar No. 085872
                                     lfarach@rc.com
                                     *Attorneys for Defendant*
                                     *Lexington Insurance Company*

- 7 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Electronic Mail and U.S. Mail on January 6, 2017, on all counsel or parties of record on the Service List below.

*/s/ Eugene P. Murphy*

## SERVICE LIST

William F. Merlin, Esq.
MERLIN LAW GROUP, P.A.
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
wmerlin@merlinlawgroup.com
kkowal@merlinlawgroup.com
ikuhn@merlinlawgroup.com
*Attorneys for Plaintiffs*