# EXHIBIT 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

FORE GOLF ASSOCIATES MANAGEMENT,
LLC and THE MAJORS GOLF CLUB LLC dba
THE MAJORS GOLF CLUB,

      Plaintiffs,

v.

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____/

## DECLARATION OF EUGEN P. MURPHY, ESQUIRE
## IN SUPPORT OF NOTICE OF REMOVAL

STATE OF FLORIDA         )
                              )
COUNTY OF MIAMI-DADE     )

Before me, the undersigned officer, duly authorized to administer oath, personally appeared EUGENE P. MURPHY, ESQUIRE who being duly sworn according to law did depose and states:

1.     I, EUGENE P. MURPHY, ESQUIRE, am over the age of eighteen, have personal knowledge of the facts and matters set forth herein, and am competent to testify as to the facts and matters set forth herein.

2.     I am an attorney at the law firm of Robinson & Cole, LLP, counsel for LEXINGTON INSURANCE COMPANY ("Lexington"), Defendant in the above-captioned action.

3.     There is complete diversity between Plaintiffs and Defendant.  At all times material to this action, including at the time the Complaint was filed and at the present time,

FORE GOLF ASSOCIATES MANAGEMENT, LLC, the first Plaintiff and the named insured, is and has been a citizen of the State of Virginia and has its principal place of business located in Manassas, Virginia. FORE GOLF ASSOCIATES MANAGEMENT, LLC is not a citizen of Delaware or Massachusetts. At the time the State Action was filed and at the present time, Michael L. Miraglia, one of the two members of FORE GOLF ASSOCIATES MANAGEMENT, LLC, is and has been a resident of the State of Florida, and is not a citizen of Delaware or Massachusetts. At the time the State Action was filed and at the present time, Charles K. Staples, the other member of FORE GOLF ASSOCIATES MANAGEMENT, LLC, is and has been a resident of the State of Virginia, and is not a citizen of Delaware or Massachusetts. At the time the State Court Action was filed and at the present time, THE MAJORS GOLF CLUB, LLC, the second Plaintiff, is and has been a citizen of the State of Virginia and has its principal place of business located in Manassas, Virginia. THE MAJORS GOLF CLUB, LLC is not a citizen of Delaware or Massachusetts. At the time the State Action was filed and at the present time, Charles K. Staples, the member of the MAJORS GOLF CLUB, LLC, is and has been a resident of the State of Virginia, and is not a citizen of Delaware or Massachusetts.

4.      Lexington is not a citizen of Florida or Virginia. It is not incorporated in Florida or Virginia and does not have its principal place of business in Florida or Virginia. At the time the State Court Action was filed and at the present time, Lexington has been incorporated in Delaware and has had its principal place of business located in Boston, Massachusetts. At no time material to this action have the Parties been residents or citizens of the same state.

5.      On or about December 9, 2016, Plaintiff FORE GOLF ASSOCIATES MANAGEMENT, LLC, through its counsel, filed Civil Remedy Notice of Insurer Violations (filing number 329039) ("First CRN") with the Department of Financial Services claiming that

"[t]he Insured received a Proposal from Classic Gold Construction, LLC to replace the golf holes in the amount of $342,568.40." The First CRN also claimed that "[t]he Insured also retained a forensic accountant to determine the amount of loss business income covered under the policy due to vandalism, which was determined to be $208,320.00."

6.      On or about December 9, 2016, Plaintiff THE MAJORS GOLF CLUB, LLC dba THE MAJORS GOLF CLUB, through its counsel, filed Civil Remedy Notice of Insurer Violations (filing number 329037) ("Second CRN") with the Department of Financial Services claiming that "[t]he Insured received a Proposal from Classic Gold Construction, LLC to replace the golf holes in the amount of $342,568.40." The Second CRN also claimed that "[t]he Insured also retained a forensic accountant to determine the amount of loss business income covered under the policy due to vandalism, which was determined to be $208,320.00."

7.      Lexington has denied the claim based upon the subject Policy's express terms, conditions, limitations, and exclusions.

8.      Pursuant to 28 U.S.C. § 1446(d), Lexington has provided written notice of the filing of the Notice of Removal, along with copies of the Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

I HEREBY SWEAR AND AFFIRM UNDER PENALTY OF PERJURY THAT THE FOREGOING IS BASED UPON PERSONAL KNOWLEDGE AND IS TRUE AND CORRECT.

_____
Eugene R. Murphy, Esq.

STATE OF FLORIDA            )
                            )
COUNTY OF MIAIM-DADE        )

- 4 -

Sworn to and subscribed before me this
5th day of JAN , 2017.

Notary Public
State of FLorida

L. Jimenez-Vinas
Print, Type or Stamp Commissioned Name of Notary

Personally known      OR      Produced Identification

Type of Identification produced  FL Driv Lic

H 610-215-60-452-0

L. JIMENEZ-VINAS
Notary Public - State of Florida
Commission # FF 215841
My Comm. Expires Mar 31, 2019
Bonded through National Notary Assn.

- 4 -